P. A. MILLER, Appellant, v. BOARD OF EDUCATION OF SACRAMENTO COUNTY, Respondent.

No. 2491; July 21, 1870.

**Appeal—Presumptions.**—So Far as the Evidence Below was Conflicting, the presumptions are in favor of the findings of the trial court and the judgment thereupon.

**Building Contract.**—In Payment to a Contractor for Erecting a building, deduction cannot be made for money given, without his prior authority or subsequent ratification, to satisfy a demand by a subcontractor.

**Building Contractor.**—A Payment made to a Subcontractor and Charged to the account of the contractor without authority by him first given is validated by a ratification by the contractor afterward.

**Building Contract.**—If a Person has Furnished Materials as a subcontractor, and other materials at the sole instance of the owner, any ratification by the contractor of a payment by such owner to such subcontractor, deducted from the contractor's account, is presumed to have applied no further than to the amount of what was due under the subcontract.

APPEAL from Sixth Judicial District, Sacramento County.

L. P. Taylor and J. H. McKune for appellant; Robt. C. Clark for respondent.

See Miller v. Board of Education, 44 Cal. 166.

TEMPLE, J.—Under a contract with the defendant the plaintiff built a schoolhouse in the city of Sacramento. The building was completed and accepted, and this action is brought to recover a balance alleged to be due on the con-

tract. The defendant pleaded payment, and this controversy arises in regard to the sum of fourteen hundred and fifty-two dollars and fifty cents, which was paid by the defendant to Avery on account of lumber sold by him to one Austin, a subcontractor under the plaintiff. The defendant claims that this payment was authorized by the plaintiff, or that the payment having been made for him, or on his account, was afterward approved and ratified.

Judgment was rendered for the defendant, and this appeal is from an order denying plaintiff's motion for a new trial.

So far as the evidence is conflicting, the presumptions are in favor of the judgment, and the plaintiff relies for a reversal upon the evidence offered by the defendants and the evidence of the plaintiff so far as it is uncontradicted.

The only witnesses called by the defendant were Hill and Avery, both of whom were members of the board of education. Hill, who was city superintendent of public schools, testifies that he attended to the disbursing of all the money; and it appears that no payments were made without first obtaining a certificate from the architect and the receipt of plaintiff. Hill also testifies that about the time of the completion of the building Avery expressed a desire to have his bill against Austin paid out of the moneys due plaintiff on the contract; that Avery afterward told him he had seen Miller, that Miller said it was all right, and that he had better pay him out of that money, and thereupon he paid Avery the amount of Austin's bill and took Avery's receipt. Sometime during the following week he met plaintiff and told him he had paid Avery's bill, and plaintiff thereupon said: "I am glad of it; it's all right." That afterward plaintiff was present at a meeting of the board at which this bill was mentioned as having been paid, and he then made no objection. It appears, however, from the testimony of this witness that prior to the payment of Austin's bill the plaintiff had complained to Hill of Austin's accounts and repeatedly said he wished the money paid to him, plaintiff, that he might settle this bill himself, and that after the payment he complained that the whole bill ought not to have been paid, as a portion of the lumber was not used in the building, and although at the time he was present at the meeting of the board, he made no specific complaint on account of

the payment of this bill, he did several times say he had given a good bond and wished to pay these debts himself. It also appears that Hill knew the nature of the contract between plaintiff and Austin.

Avery testifies that he called upon plaintiff for the balance of the bill, and plaintiff said he did not know that the bill was correct; that he would have to get Austin's approval, and then he (plaintiff) would pay it. He then went to Hill and got the money, without showing the bill to plaintiff as approved by Austin.

The uncontradicted evidence of plaintiff shows that five or six hundred dollars of that bill was for lumber not used in this building, and a portion for lumber used by Austin in extra work performed for defendant by Austin.

From the evidence it is perfectly manifest that the disbursement to Avery was made not only without any authority from Miller, but against his known wishes repeatedly expressed, and for which he had given the good reason that he was dissatisfied with Austin's accounts. It does not appear that plaintiff was indebted to Austin in any sum whatever, and as to a large portion of the sum paid he is shown to have been under no obligation to pay, either moral or legal. If, however, he authorized Hill to make the disbursement as his agent, he is undoubtedly bound by it, and it is equally clear that if, after the act had been done, he, with full knowledge of all the material facts, ratified the act and adopted it as his own, such ratification will have the same effect as an original authorization. There seems to have been a controversy between Hill and plaintiff in regard to this bill, the plaintiff claiming the privilege and right to settle it himself, because he doubted the accounts of Austin, and Hill, as agent for defendant, claiming the right to pay it, because of some qualified liability on the part of the defendant to Austin as a subcontractor. Hill was acting in the matter solely to protect the defendant. When, therefore, Hill informed plaintiff that he had paid Avery's bill, plaintiff must have understood him as having reference to a bill for materials used in the construction of the building, and for which it was supposed the defendant was in some way liable. Supposing himself under some obligation to save the defendant from such liability, he acquiesced in the payment, though evidently still dissatisfied and claiming that, as he had

39

indemnified the board, he ought to have been allowed to settle the bill himself.

We attach no importance whatever to the evidence, which shows that at the meeting of the board, at which the plaintiff was present, the amount of Austin's bill was mentioned and plaintiff made no objection. It is shown by the testimony of Avery that he did not know whether Austin's bill was correct, and although he manifests a desire to call in question the extent of his indebtedness to Austin, he acquiesced in the payment, not because he admitted his indebtedness to Austin, but because of his supposed liability to the defendant to save it from the claim of his subcontractor.

It is perfectly clear, therefore, to our minds that the ratification of the act of Hill (which, for the purposes of this appeal, must be taken to have been made as proven by defendant) must be confined to the amount due to Austin for materials used in the construction of the building in question under the contract with Miller. The motion for a new trial ought, therefore; to have been granted.

Order and judgment reversed and a new trial ordered.

We concur: Wallace, J.; Crockett, J.; Rhodes, C. J.; Sprague, J.